UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

RAMIRO VEGA,

                   Plaintiff,

     -v-

LONG ISLAND RAILROAD COMPANY,

                  Defendant.

---------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/12/2026

25-cv-2472 (LJL)

ORDER

**LEWIS J. LIMAN, United States District Judge:**

    Trial in this matter is set to begin on Monday, March 16, 2026. In advance of trial, the Court attaches here the proposed jury charge.

    SO ORDERED.

Dated: March 12, 2026
       New York, New York

                                  LEWIS J. LIMAN
                        United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAMIRO VEGA,<br><br>    Plaintiff,<br><br>  -v-<br><br>LONG ISLAND RAILROAD COMPANY,<br><br>    Defendant. | 25-cv-2472 (LJL) |

**JURY INSTRUCTIONS**

Introduction.................................................................................................................... 2
1.   General Instructions ................................................................................................. 3
   1.1.  Role of the Court.............................................................................................. 3
   1.2.  Role of the Jury ............................................................................................... 4
   1.3.  Role of Counsel / Objections And Sidebars .................................................... 5
   1.4.  Juror Oath / Sympathy or Bias......................................................................... 6
   1.5.  All Persons Equal Before the Law.................................................................... 7
   1.6.  Burden of Proof................................................................................................ 8
   1.7.  What Is and Is Not Evidence ........................................................................... 9
   1.8.  Direct and Circumstantial Evidence .............................................................. 11
   1.9.  Inferences...................................................................................................... 12
   1.10.  Witness Credibility........................................................................................ 13
   1.11.  Preparation of Witnesses [IF APPLICABLE].................................................. 16
   1.12.  Interested Witnesses ..................................................................................... 17
   1.13.  Party's Failure to Produce Evidence.............................................................. 17
2.   Substantive Instructions ........................................................................................ 19
   2.1.  Federal Employers' Liability Act .................................................................... 20
          A. Third Element: Negligence ...................................................................... 21
                 a.  Negligent Acts of Corporation and its Employers .............................. 22
                 b.  Duty to Provide a Safe Place to Work................................................ 22
                 c.  Duty to Inspect ................................................................................. 22
                 d.  Procedures and Methods ................................................................... 23
                 e.  Standard Varies with Level of Risk ................................................... 23
                 f.  Industry Custom and Safety Rules [IF APPLICABLE]........................ 23
                 g.  Foreseeability ................................................................................... 23
                 h.  Negligence Summary ........................................................................ 24
          B. Fourth Element:  Causation...................................................................... 25
          C. Contributory Negligence as a Defense..................................................... 26
3.   Damages ............................................................................................................... 28
   3.1.  Damages........................................................................................................ 30
   3.2. Life Expectancy ............................................................................................. 30
   3.3. Past Lost Earnings.......................................................................................... 31
   3.4. Aggravation of Pre-Existing Injury ................................................................ 31
   3.5. Award is Not Taxable ..................................................................................... 31
4.   Final Instructions ................................................................................................... 32
   4.1   Right to See and Hear Exhibits and Testimony; Communications With Court ............... 32
   4.2   Notes ............................................................................................................. 34
   4.3   Duty to Deliberate / Unanimous Verdict ........................................................ 35
   4.4   Selecting a Foreperson and the Foreperson's Duties....................................... 36
   4.5   Verdict Form and Return of Verdict................................................................ 37
   4.6   Oath............................................................................................................... 38
   4.7   Exceptions...................................................................................................... 39

**<u>INTRODUCTION</u>**

Members of the jury, you have now heard all of the evidence as to the claim by the plaintiff, Ramiro Vega, against the defendant, Long Island Railroad Company. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case. We are near the point where you will undertake your vital function as jurors of deliberating. Now that the lawyers have made their closing arguments, I am going to instruct you about the law that governs the case. There are two parts to these instructions:

*First*, I will provide you with some general instructions about your role and about how you are to decide the facts of the case. These instructions would apply to just about any trial.

*Second*, I will give some specific instructions about the legal rules applicable to this particular case.

Then I will give you some final instructions before you begin your deliberations.

Listening to these instructions may not be easy. It is important, however, that you listen carefully and that you concentrate. I ask you for patient cooperation and attention. You will notice that I am reading these instructions from a prepared text. It would be more lively, no doubt, if I just improvised. But it's important that I not do that. The law is made up of words, and those words are very carefully chosen. So when I tell you the law, it's critical that I use exactly the right words.

You will be able to bring into the jury room your copies of what I am reading, so don't worry if you miss a word or two. But for now, listen carefully and try to concentrate on what I'm saying. I will also be distributing to you a verdict form in which to record your verdict. It will list the questions that you should consider, in the order you should consider them.

2

1.  **<u>GENERAL INSTRUCTIONS</u>**

   *1.1. Role of the Court*

   I will now instruct you on the law.  It is my duty to do that, just as it has been my duty to preside over the trial and decide what testimony and evidence are relevant under the law for your consideration.  It is your duty to accept my instructions on the law and to apply them to the facts as you determine them.

   On these legal matters, you must take the law as I give it to you.  You must not substitute your own notions or opinions of what the law is or ought to be.  You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be—or should be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

   If any attorney states or has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You should not single out any particular instruction alone as stating the law, and you should consider my instructions as a whole when you retire to deliberate in the jury room.

   You are not to infer from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any questions I asked were designed to make sure that the testimony was clear and to avoid confusion.  You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

*1.2. Role of the Jury*

As members of the jury, you are the sole and exclusive judges of the facts. You pass judgment upon the evidence. You determine the credibility of the witnesses. You resolve any conflicts there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Although you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any personal professional expertise you might have or other facts not in evidence to the other jurors during deliberations. You must base your discussions and decisions solely on the evidence presented to you during the trial and that evidence alone. You may not consider or speculate on matters not in evidence or matters outside the case.

### *1.3. Role of Counsel / Objections And Sidebars*

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Therefore, you should draw no inference from the fact that an attorney objected to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

From time to time, the lawyers and I had conferences at sidebar, out of your hearing. These conferences involved procedural and other matters. None of the events relating to these conferences should enter into your deliberations at all.

Similarly, the personalities and the conduct of counsel in the courtroom are not in any way in issue. If you formed reactions of any kind to any of the lawyers, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

### *1.4. Juror Oath / Sympathy or Bias*

I know you will try the issues that have been presented to you according to the oath that you have taken as jurors in which you promised that you would well and truly try the issues joined in this case and a true verdict render.  If you follow that oath, and try the issues without fear or prejudice or bias or sympathy, you will arrive at a true and just verdict.

You are to evaluate the evidence calmly and objectively, without prejudice or sympathy. You are to be completely fair and impartial.  Your verdict must be based solely on the evidence developed at this trial, or the lack of evidence.  The parties in this case are entitled to a trial free from prejudice and bias.  Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

It would be improper for you to consider, in deciding the facts of the case, any personal feelings you may have about the race, national origin, sex or age of any party or any witness, or any other such irrelevant factor.  This case should be decided by you as an action between parties of equal standing in the community, and of equal worth.  Both parties are entitled to the same fair trial at your hands.  Both parties stand equal before the law, and are to be dealt with as equals in this Court.

### *1.5. All Persons Equal Before the Law*

As noted, in reaching your verdict, you must remember that all parties stand equal before the law, and are to be dealt with as equals in this Court. The mere fact that one of the parties in this case is a railroad does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and railroads, big or small, are entitled to the same fair consideration as you would give any other individual party.

### 1.6. Burden of Proof

Because this is a civil case, the preponderance of the evidence standard applies to all disputed issues. Some of you may have heard of "proof beyond a reasonable doubt," which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this one, and you should put it out of your mind.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all the witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have offered or produced them.

If, after considering all of the testimony, you are satisfied that the Plaintiff, the party with the burden of proof, has carried his burden on each essential point of the claim, then you must find in the Plaintiff's favor on that claim. If, after such consideration, you find that the evidence produced by the Plaintiff is outweighed by the evidence against the Plaintiff's position, or that the credible evidence on a given issue is evenly divided between the parties—that it is as equally probable that one side is right as it is that the other side is right—then you must decide that issue against the Plaintiff. That is because the Plaintiff bears the burden of proof, and he must prove more than simple equality of evidence—he must prove the element by a preponderance of the evidence. On the other hand, the Plaintiff need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the Plaintiff—that what he claims is more likely true than not—then that element will have been proven by a preponderance of the evidence.

8

*1.7. What Is and Is Not Evidence*

I want to take a moment to describe to you what is and is not evidence in this case. As I have said, you may rely only on the evidence in your deliberations. The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence. On the other hand, certain things are not evidence.

First, I will describe a list of examples of things that are not evidence:

A question by a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Similarly, arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said in their opening statements and in their closing statements was intended to help you understand the evidence and to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Any dollar figure suggested by Plaintiff's counsel as appropriate relief in this case is only a comment on the evidence or a suggestion. Such a suggestion is not evidence, and you are free to disregard it.

Statements that I may have made concerning the evidence do not constitute evidence.

Testimony that has been stricken or excluded or that I have asked you to disregard is not evidence, and it may not be considered by you in rendering your verdict.

Anything you may have seen or heard outside the courtroom is not evidence.

Now, I will provide you with some things that you may consider as evidence. As I have said, evidence may come in several forms:

The sworn testimony of witnesses, regardless of who called them, is evidence. This is true of the witnesses' answers on both direct and cross-examination. However, if certain testimony was received for a limited purpose, you must follow the limiting instructions I have given.

The exhibits that were admitted during the trial are evidence.

### *1.8. Direct and Circumstantial Evidence*

Generally, as I told you in my initial instructions, there are two types of evidence that you may consider in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched or heard. For example, if a witness testified that when she left her house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. To restate the example I gave you earlier this week, assume that when you came into the courthouse this morning, the sun was shining, and it was a nice day. Assume that the courtroom blinds were drawn, and you could not look outside. As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later, another person entered with a wet raincoat. Now, you cannot look outside of the courtroom, and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact. Many facts, such as a person's state of mind, are rarely susceptible to proof by direct evidence. Usually, such facts are established by circumstantial evidence. Where circumstantial evidence is presented, it is of no less value than direct evidence, for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

11

### *1.9. Inferences*

During the trial, you may have heard the parties use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  Plaintiff asks you to draw one set of inferences, while the Defendant asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

### 1.10.    *Witness Credibility*

You have had the opportunity to observe the witnesses. It is now your job to decide how believable each witness was in his testimony. You are the sole judge of the credibility of each witness and of the importance of his testimony.

In making these judgments, you should carefully scrutinize the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright, and candid? Or was the witness evasive and edgy, as if hiding something? How did the witness appear? What was his demeanor—that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of the witness's demeanor, the explanations given, and all of the other evidence in the case.

13

Always remember that you should use your common sense, your good judgment, and your everyday experiences in life to make your credibility determinations.

If you find that any witness has willfully testified falsely as to any material fact—that is, as to an important matter—the law permits you to disregard the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. However, you are not required to consider such a witness as totally "unbelievable." You may accept so much of the witness's testimony as you deem true and disregard what you feel is false. By the processes which I have just described, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of each witness's testimony you accept, and what weight you will give to it.

[IF APPLICABLE On some occasions during this trial, witnesses were asked to explain an apparent inconsistency between testimony offered at this trial and previous statements made by the witness.

Evidence of a prior inconsistent statement was placed before you not because it is itself evidence of the Plaintiff's claim or defenses to the claim, but only for the purpose of helping you decide whether to believe the trial testimony of a witness who may have contradicted a prior statement. If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

14

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all, or part of, the witness's testimony.]

### *1.11.    Preparation of Witnesses* [IF APPLICABLE]

You have heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.  Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying, so that the witness can be made aware of the subjects that he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  In fact, it would be unusual for a lawyer to call a witness without such consultation.  Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

### 1.12.    *Interested Witnesses*

In deciding whether to believe a witness, you should take into account any evidence that shows that a witness may benefit in some way from the outcome of the case, such as a financial interest.  Likewise, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties.  You should also consider any other interest or motive that the witness may have in cooperating with a particular party.

For example, in this case, the plaintiff, Ramiro Vega, testified before you.  As a party, he is, by definition, an interested witness.

It is your duty to consider whether each witness has permitted any such bias or interest to color his testimony.  In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

An interested witness is not necessarily less believable than a disinterested witness.  The mere fact that a witness is interested in the outcome of the case does not mean he has not told the truth.  It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned, whether the possible interest of any witness, or of any party, has intentionally or otherwise colored or distorted his testimony.  You are not required to believe an interested witness; you may accept as much of his testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

### 1.13.  *Party's Failure to Produce Evidence*

You have heard testimony about evidence which has not been produced. Counsel for each party has argued that this evidence was in defendant's control and would have proven facts material to the matter in controversy.

17

If you find that a party could have produced the evidence, and that the evidence was within its control, and that this evidence would have been material in deciding among the facts in dispute in this case, then you are permitted, but not required, to infer that the evidence would have been unfavorable to the defendant.

In deciding whether to draw this inference, you should consider whether the evidence not produced would merely have duplicated other evidence already before you. You may also consider whether the party had a reason for not producing this evidence, which was explained to your satisfaction. Again, any inference you decide to draw should be based on all of the facts and circumstances in this case.

2.  **<u>SUBSTANTIVE INSTRUCTIONS</u>**

With these instructions in mind, let us turn to the substantive law to be applied in this case. In this case, Mr. Vega seeks to place liability on the Long Island Railroad Company for personal injuries he claims to have sustained during his employment with Long Island Railroad Company. Mr. Vega claims that, due to the negligent failure of Long Island Railroad Company to provide him with a reasonably safe place to work, as required by federal law, he suffered shoulder injury while at work on March 7, 2023.

Defendant Long Island Railroad Company denies Mr. Vega's allegations.

### *2.1. Federal Employers' Liability Act*

The plaintiff, Ramiro Vega, brings this action against the defendant Long Island Railroad Company under the Federal Employers' Liability Act or FELA for negligence.  I will first instruct you on Plaintiff's claim for negligence under FELA.  That Act provides in substance that every railroad engaged in interstate commerce shall be liable in damages for injuries to its employees resulting in whole or in part from the negligence of any of its officers, agents or employees, or from any defect or deficiency, due to its negligence, in its cars, machinery, track, or work areas. The purpose of the FELA legislation is to promote adequate recovery for negligently injured railroad workers and thereby promote safe operating conditions.

In order to find the Defendant liable to the Plaintiff for negligence under the FELA statute, you must find by a preponderance of the evidence:

**First**, that the Defendant is a railroad engaged in interstate commerce;

**Second**, that the Plaintiff was an employee of the Defendant in interstate commerce, acting in the course of his employment;

**Third**, that the Defendant or one of its employees or agents was negligent; and

**Fourth**, that such negligence played a part, no matter how slight, in bringing about an injury to the Plaintiff.

The first and second elements are stipulated and agreed to in this case so you need not concern yourself with them.

### A. Third Element: Negligence

The third element is whether the Defendant or one of its employees was negligent.

The fact the Plaintiff was injured during his employment does not automatically entitle him to recover from his employer.  Plaintiff can only recover from the Defendant for negligence under FELA if negligence and the other elements I will describe are established by a preponderance of the evidence.

The term "negligent" or "negligence" as used in these Instructions means the failure to use ordinary care.  The phrase "ordinary care" means that degree of care that a person of ordinary prudence would use under the same or similar circumstances.  It can be the doing of something which a reasonably prudent person would not have done or the failure to do something which a reasonably prudent person would have done under the circumstances.  The degree of care used by an reasonably prudent person depends on the circumstances that are known or should be known, and varies in proportion to the harm that person reasonably should foresee.  In deciding whether a person was negligent or failed to use ordinary care, you must consider what that person knew or should have known and the harm that should reasonably have been foreseen.

### a. Negligent Acts of Corporation and its Employers

Since a corporation can act only through its officers, or employees, or other agents, the burden is on the plaintiff to establish, by a preponderance of the evidence in the case, that the negligence of one or more officers, or employees, or other agents of the Defendant was a cause of any injuries and consequent damages sustained by the Plaintiff.

Any negligent act or omission of an officer, or employee, or other agent of a corporation, in the performance of his duties, is held in law to be the negligence of the corporation.  If the Plaintiff's injury is caused or contributed to by the negligent act or omission of a fellow employee, acting in the course of his employment, then the Defendant employer would be responsible for the act or omission of the fellow employee.

### b. Duty to Provide a Safe Place to Work

I will now describe the duties that FELA imposed on Defendant.

The Federal Employers' Liability Act imposed on Defendant a duty to Plaintiff, and to all its employees, to exercise reasonable care to provide him with a reasonably safe place in which to work, reasonably safe conditions in which to work, and reasonably safe tools and equipment.

The employer's duty to provide a safe place to work may not be delegated to a third party. Thus, the employer has a duty to provide a safe place to work even when the employee's duties require him to enter property or use equipment owned and controlled by a third party, such as another railroad.

### c. Duty to Inspect

This duty includes the responsibility to inspect the equipment and premises where the Defendant's employees will be working, and to take reasonable precautions to protect its

22

employees from possible danger. This duty applies to premises owned by the railroad and to premises owned by third parties where railroad employees are required to work.

### d.   *Procedures and Methods*

You may find Defendant negligent if you find that it instructed its employees to perform tasks either with a number of employees or a procedure or method which it knew or in the exercise of reasonable care should have known, would result in injury.

### e.   *Standard Varies with Level of Risk*

The degree of care required by this reasonable care standard varies with the level of risk. The greater the risk of harm, the greater the required level of care.

### f.   *Industry Custom and Safety Rules* **[IF APPLICABLE]**

In addressing the question of negligence, you may consider the evidence which was presented concerning the custom in the industry or safety rules.  If you find that there were such customs or rules, they may indicate recognition of a hazard and the means to avoid it, which you may consider as one indication of what may be reasonable in a given situation.  On the other hand, you may find that an industry custom or a safety rule does not reflect the level of care which a reasonably prudent person would take and that, although an industry custom or safety rule was followed, the defendant was negligent.  Similarly, even if you find that defendant violated or failed to enforce a safety rule, or did not take customary precautions, such a failure does not mandate a finding of negligence.  Before you may impose liability, you must still find that defendant failed to exercise reasonable care in the circumstances.

### g.   *Foreseeability*

The definition of negligence requires Long Island Railroad Company to guard against those risks or dangers of which it knew or by the exercise of care should have known.  In other words,

23

the Defendant's duty is measured by what a reasonably prudent person would anticipate or foresee as creating a potential for harm resulting from particular circumstances. The fact that no similar injury ever occurred in a particular location does not foreclose a finding of foreseeability. All that Plaintiff need show is that some harm could flow from the Defendant's negligent conduct.

How do you determine whether the Long Island Railroad Company knew or, through the exercise of reasonable care, should have known of a particular risk or danger?

First, you may consider any evidence presented concerning the actual knowledge of the railroad or its foreman or other agents.

Second, you may consider any evidence presented concerning whether the risk was brought to the attention of the railroad or its foreman or other agents, for example, through employees' statements, complaints, or protests that a particular condition or assignment was dangerous.

Third, you may consider whether a person of ordinary care would have performed inspections which would have brought the dangerous condition to the Defendant's attention or otherwise would have known of the condition.

If you find by a preponderance of the evidence that a  person of ordinary care would have taken reasonable precautions against the risk based on such actual knowledge, statements, complaints or protests, or reasonable inspection, and you find that the Defendant railroad failed to take such reasonable precautions, then you may find that the Defendant railroad was negligent.

### h.  Negligence Summary

To summarize, if you find by a preponderance of the evidence that the Defendant railroad or its employee failed to exercise reasonable care to provide the Plaintiff with a reasonably safe place to work, reasonably safe conditions, tools, or equipment, or failed in any other way to exercise reasonable care in the circumstances, you may find that the Defendant was negligent.

**B.  Fourth Element:  Causation**

The fourth element is whether an injury to the Plaintiff resulted in whole or in part from the negligence of the defendant Long Island Railroad Company or its employees or agents.  In other words, did such negligence play any part, even the slightest, in bringing about an injury to the plaintiff?  It is important to remember that there can be more than one cause of an injury.  The involvement of any other causes does not prevent a finding for the Plaintiff, as long as you find that the employer's negligence played any part, no matter how slight, in causing an injury to the Plaintiff.

### C. Contributory Negligence as a Defense

I have already explained that you may find the defendant railroad liable to the plaintiff if the railroad negligently failed to provide plaintiff with a safe place to work or was otherwise negligent, and if such negligence played a part, even the slightest, in causing plaintiff's injuries. In this case, the defendant railroad has contended that plaintiff's injuries were due (at least in part) to plaintiff's own negligence. This is referred to as "contributory negligence." However, if you find that the plaintiff was negligent, that does not prevent plaintiff from recovering damages if you find that the defendant railroad's negligence also played a part in causing plaintiff's injuries. Rather, it would result in a reduction of plaintiff's damages in proportion to the amount of negligence attributable to plaintiff.

To determine whether the plaintiff was "contributorily negligent," you apply the same definition of negligence discussed earlier, that is, did the plaintiff take, or fail to take, actions that a reasonably prudent person would have taken in the circumstances. You also apply the same rule of causation, that is, did the plaintiff's negligence, if any, play any part in bringing about his injuries. Your determination should be based on a preponderance of the evidence.

Now, assuming that you find by a preponderance of the evidence that the defendant railroad was negligent and that its negligence played a part in causing plaintiff's injuries; and also assuming that you find by a preponderance of the evidence that plaintiff was negligent and that his negligence played a part in causing his own injuries, you must then determine the percentage to which plaintiff's negligence, if any, contributed to his injuries. You will report this percentage on the verdict form, which I will discuss shortly, and then after you return your verdict, I will decrease the amount of damages you have found, if any, by the percentage by which you find that plaintiff's negligence contributed to his own injuries.

26

As I will remind you when I discuss damages in detail, if you reach the issue of damages, you should address the question of damages as a separate matter from the issue of contributory negligence.

3.  **<u>DAMAGES</u>**

My next instructions are on the law of damages.

You should consider the issue of damages only if you find that Mr. Vega has established his claim by a preponderance of the evidence.

The fact that I charge you on the issue of damages does not mean that Mr. Vega is entitled to prevail—that is for you to decide.  I instruct you on this subject only in the event you decide that Mr. Vega has sustained his burden of proof as to any of his claims.  If you decide that Mr. Vega has not sustained his burden of proof as to any of his claims, you need not consider damages.

The burden is on Mr. Vega to prove by a preponderance of the evidence that the injuries complained of exist, and that those injuries were caused in whole or in part, even in the slightest, by the incident on March 7, 2023.  You are not permitted to award damages for injuries which are speculative or conjectural.  Thus, Mr. Vega is not entitled to recover damages if he fails to carry the burden of proving the existence of injuries, or that those injuries were caused in whole or in part, even in the slightest, by the incident on March 7, 2023.

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, that the Plaintiff has suffered as a result of the Defendant's actions.  The damages that you award must be fair and reasonable, and neither inadequate nor excessive.

In awarding damages, if you decide to award them, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require the Plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  In all instances, you are to use sound discretion in fixing an

award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.

The verdict form I will give you will assist you in recording the determinations, if any, that you make as to damages.

29

### 3.1. Damages

If you decide for the Plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damage proved by the evidence to have resulted from the negligence of the Defendant:

**First**, any loss of earnings from the time of the injury incident to the present;

**Second**, pain, suffering, and mental anguish, including the effect of his injury on the normal pursuits and pleasures of life, experienced from the date of the accident to the present;

**Third**, pain, suffering, and mental anguish, if any, including the effect of his injury on the normal pursuits of life, you may find the plaintiff is reasonably likely to endure in the future as a result of his injury;

**Fourth**, any out-of-pocket expenses such as medical bills.

### 3.2. Life Expectancy

If you find that any of plaintiff's injuries are permanent, you must make such allowance in your verdict as you think circumstances warrant, taking into consideration the period of time that has elapsed from the date of injury to the present time, and the period of time plaintiff can be expected to live.

According to the U.S. National Center for Health Statistics, **[Vital Statistics of the U.S., Annual]**, the life expectancy of a 49-year-old male is 32.6 years.  According to the Bureau of Labor Statistics, a 49-year-old male has a work expectancy of 13.1 years.

This fact, of which the Court takes judicial notice, is now in evidence to be considered by you in arriving at the amount of damages, if any, to be awarded, in the event you find the Plaintiff is entitled to a verdict.

Life expectancy, as shown by a mortality table, is merely an estimate of the probable average remaining length of life of all persons in our country of a given age, and that estimate is based on not a complete, but only a limited, record of experience.  So the inference which may be drawn from the life expectancy shown by the table applies only to one who has the average health and exposure to danger of people of that age.  The estimates are not binding on you.  In considering the life expectancy of the Plaintiff, you should consider, in addition to what is shown by the table of mortality, all other facts and circumstances in evidence bearing on the life expectancy of the Plaintiff, including his occupation, habits and state of health.

### 3.3. Past Lost Earnings

The Plaintiff is entitled to compensation for the amount of wages he would have earned from the date of the injury to the present, but for the effect of his injuries.

### 3.4. Aggravation of Pre-Existing Injury

If you find for the Plaintiff, you should compensate him for any aggravation of an existing disease or physical defect resulting from such injury. If you find that there was an aggravation, you should determine, if you can, what portion of the Plaintiff's condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition.

### 3.5. Award is Not Taxable

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.

### 4.  FINAL INSTRUCTIONS

### *4.1 Right to See and Hear Exhibits and Testimony; Communications With Court*

You are now about to go into the jury room to begin your deliberations.  Before you do that, I will give you a few final instructions.

The parties have prepared a list of the exhibits that were received, listed by exhibit number.  They have also prepared binders of those exhibits that you may consult in the jury room.  If you want any testimony sent or read back to you, you may request that.  Any communication with the Court should be made in writing, signed by your foreperson, and given to the court security officer, whom, as in all cases, I will swear to ensure that your deliberations may take place uninterrupted.

Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can.  If you want testimony read back to you, please try to be as specific as you possibly can because the court reporter will have to look through the transcript, and the parties will have to agree on what portions of testimony may be called for in response to your request, and if they disagree, I must resolve those disagreements.  If you want any further explanation of the law as I have explained it to you, you may also request that from the Court.  If there is any doubt or question about the meaning of any part of the instructions that I have given you during this trial, you should not hesitate to send me a note asking for clarification or for a further explanation.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case.  There is only one exception to this rule.  If it becomes necessary during your deliberations to communicate with me—to request testimony, or to request clarification on the law—you should send a note to me, in writing, signed by your foreperson, and given to one of the court security officers or to my deputy, Mr. Fishman.  No member of the jury should ever attempt to communicate with me except by a signed writing, and

I will never communicate with a member of the jury on any subject touching on the merits of the case other than in writing, or orally here in open court.  If you send any notes to the Court, do not disclose anything about your deliberations.  Specifically, do not disclose to anyone—not even to me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

*4.2 Notes*

Many of you have taken notes periodically throughout this trial.  You should not show your notes to, or discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

### *4.3 Duty to Deliberate / Unanimous Verdict*

You will now retire to decide the questions I have described to you. For the Plaintiff to prevail on the questions that you must answer, he must sustain his burden of proof. Your verdict on each question must be unanimous. Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors. This is the very essence of jury deliberation. It is your duty to discuss the evidence. If you have a point of view and after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is really one that satisfies your judgment and conscience. You are not to give up a point of view, however, that you conscientiously believe in simply because you are outnumbered or outweighed. You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case. You are not to discuss the case until all jurors are present. Four or five jurors together is only a gathering of individuals. Only when all the jurors are present do you constitute a jury, and only then may you deliberate.

*4.4 Selecting a Foreperson and the Foreperson's Duties*

The first thing you should do when you retire to deliberate is take a vote to select one of you to sit as your foreperson.  The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the court security officer that the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is.

### *4.5 Verdict Form and Return of Verdict*

Once you have made your verdict, you will record your decisions in a verdict form which I have prepared for you.  You should also proceed through the questions in the order in which they are listed, following the instructions on that form.

Once you have completed the form, the foreperson should then fill in the verdict sheet and date it, and each of you should sign it.  The foreperson should then give a note to the court security officer outside your door stating that you have reached a verdict.  Do not specify what the verdict is in your note.  I will stress that each of you must be in agreement with the verdict that is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

37

*4.6 Oath*

I remind you that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  Your oath sums up your duty.  I know that you will do your duty and reach a just and true verdict.

*4.7 Exceptions*

I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like to have given to you or if there is anything I may not have covered.  In this regard, I ask you not to discuss the case while seated in the box because the case has not yet been formally submitted to you.

#                    #                    #

Members of the jury, that concludes my instructions to you.  You may now retire to the jury room and begin this phase of your deliberations.  As a first matter of business, please select a foreperson and send me a note, signed, dated, and timed, through the court security officer or my deputy, Mr. Fishman, telling me whom you have elected as your foreperson.

39